1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10                             WESTERN DIVISION

11

12   MICHELE LEONARD,                  )      No. CV 06-5513 (CW)
                                       )
13                   Plaintiff,        )      DECISION AND ORDER
             v.                        )
14                                     )
     MICHAEL J. ASTRUE,                )
15   Commissioner, Social Security     )
     Administration,                   )
16                                     )
                     Defendant.        )
17   _____)

18

19       The parties have consented, under 28 U.S.C. § 636(c), to the

20   jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21   review of the Commissioner's denial of disability benefits.  As

22   discussed below, the court finds that the Commissioner's decision

23   should be reversed and this matter remanded for further proceedings.

24                          I.   BACKGROUND

25       Plaintiff Michele Leonard was born on January 25, 1951, and was

26   fifty-five years old at the time of her administrative hearing.

27   [Administrative Record, "AR," 50, 231.]  She has two years of college

28   education and past relevant work experience as an administrative

                                     1

assistant. [AR 22, 112.]  Plaintiff alleges disability on the basis of depression and residual effects of a cerebrovascular accident (stroke). [AR 15.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on August 31, 2006, and filed on September 5, 2006.  On March 5, 2007, defendant filed an answer and plaintiff's Administrative Record ("AR").  On June 22, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") under Title II of the Social Security Act on February 9, 2005, alleging disability since October 1, 2003. [JS 2, AR 50.]  After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on February 21, 2006, before Administrative Law Judge ("ALJ") Alexander Weir III.  [AR 231.]  Plaintiff appeared without counsel[1], and testimony was taken from plaintiff and vocational expert Sandra Schneider. [Id.]  The ALJ denied benefits in an administrative decision dated March 7, 2006. [AR 24.]  When the Appeals Council denied review on June 2, 2006, the ALJ's decision became the Commissioner's final decision.  [AR 6.]

---

[1]  The ALJ advised plaintiff of her right to representation and gave plaintiff an opportunity to postpone the hearing in order to obtain an attorney. [AR 234–35.]  Plaintiff stated that she wished to proceed with the hearing without an attorney but that she may retain one at a subsequent date. [AR 235.]

2

1

### IV.   **STANDARD OF REVIEW**

2    Under 42 U.S.C. § 405(g), a district court may review the
3 Commissioner's decision to deny benefits.  The Commissioner's (or
4 ALJ's) findings and decision should be upheld if they are free of
5 legal error and supported by substantial evidence.  However, if the
6 court determines that a finding is based on legal error or is not
7 supported by substantial evidence in the record, the court may reject
8 the finding and set aside the decision to deny benefits.  See <u>Aukland</u>
9 <u>v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v.</u>
10 <u>Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240
11 F.3d 1157, 1162 (9th Cir.  2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094,
12 1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir.
13 1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada</u>
14 <u>v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

15    "Substantial evidence is more than a scintilla, but less than a
16 preponderance." <u>Reddick</u>, 157 F.3d at 720.  It is "relevant evidence
17 which a reasonable person might accept as adequate to support a
18 conclusion." <u>Id</u>.  To determine whether substantial evidence supports
19 a finding, a court must review the administrative record as a whole,
20 "weighing both the evidence that supports and the evidence that
21 detracts from the Commissioner's conclusion." <u>Id</u>.  "If the evidence
22 can reasonably support either affirming or reversing," the reviewing
23 court "may not substitute its judgment" for that of the Commissioner.
24 <u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

25

### V.   **DISCUSSION**

26
**A.   THE FIVE-STEP EVALUATION**

27    To be eligible for disability benefits a claimant must
28 demonstrate a medically determinable impairment which prevents the

claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995, <u>as</u> <u>amended</u> April 9, 1996); <u>see</u> <u>also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); <u>Tackett</u>, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  <u>Tackett</u>, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  <u>Tackett</u>, 180 F.3d at 1098 and n.3; <u>Smolen</u>, 80 F.3d at 1288.  If this burden is met, a <u>prima</u> <u>facie</u> case of disability is made, and the burden shifts to the Commissioner (at step five) to

4

prove that, considering residual functional capacity ("RFC")[2], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that plaintiff had "severe" impairments, namely a history of a cerebrovascular accident, hypertension, a history of heart disease, rheumatoid arthritis, a history of cellulitis, low back pain, and asthma, as well as a "non-severe" mental impairment (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 19, 20.]  Plaintiff was found to have an RFC for work at the medium exertional level. [AR 21.]  The vocational expert testified that plaintiff's past relevant work as an administrative assistant and clerical worker were performed at the sedentary exertional level. [AR 258.]  The ALJ found that plaintiff's RFC did not preclude her from returning to her past relevant work (step four) and, thus, she was not "disabled" as defined by the Social Security Act. [AR 23.]

---

[2]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1   **C.   ISSUES IN DISPUTE**

2   The parties' Joint Stipulation presents three disputed issues:

3   1.   Whether the ALJ erred in failing to consider plaintiff's

4        non-severe mental impairment in his residual functional

5        capacity assessment;

6   2.   Whether the ALJ failed to properly consider plaintiff's

7        obesity; and

8   3.   Whether the ALJ provided clear and convincing reasons to

9        reject plaintiff's subjective symptom testimony.

10  [JS 3-4, 8, 14.]

11  As discussed below, Issue Two is dispositive.

12  **D.   PLAINTIFF'S OBESITY**

13  According to the record, plaintiff is five feet four inches tall,

14  with a most recent weight of 218 pounds. [AR 206.]  Plaintiff reported

15  gaining thirty pounds since a stroke she suffered in October 2003.[3]

16  [AR 212.]  She further complained of constant lower back pain. [AR

17  204.]  In the administrative decision, no mention was made of

18  plaintiff's weight or its possible interactive effect on her other

19  impairments.  Plaintiff argues that this was reversible error.

20  Although the Commissioner removed obesity from the Listing of

21  Impairments in 1999, the condition may still factor into a multiple

22  impairments analysis by virtue of its interactive effect on a

23  plaintiff's other impairments.  64 Fed. Reg. 46122-01, 1999 WL 637689;

24

25       [3]  The record shows that plaintiff's weight has been gradually
    increasing from 185.6 pounds (July 2001), to 204 pounds (November
    2003), 208 pounds (December 2003), 210 pounds (December 2003), 216
26  pounds (April 2004), and 218 pounds (April 2005). [AR 141, 144, 145,
    146, 160, 206.]  At her most recent weight of 218 pounds, plaintiff
27  has a body mass index ("BMI") of 37.4, which is considered "Level II"
    obesity by the Clinical Guidelines of the National Institutes of
28  Health.  Social Security Ruling ("SSR") 02-1p, 2000 WL 628049 at *2.

1  <u>Celaya v. Halter</u>, 332 F.3d 1177, 1181 (9th Cir. 2003).  In <u>Celaya</u>, the

2  Ninth Circuit held that a consideration of the plaintiff's obesity in

3  this context was necessary, even if the plaintiff did not explicitly

4  allege obesity, for three reasons:  (1) obesity was raised implicitly

5  in the plaintiff's report of symptoms, (2) the record indicated that

6  the plaintiff's obesity was close to the listing criterion, and was a

7  condition that could exacerbate her reported illness; and (3)

8  plaintiff's pro se status, as well as the ALJ's observation of

9  plaintiff and information in the record should have alerted to the

10  need to develop the record with respect to her obesity.  <u>Celaya</u>, 332

11  F.3d at 1182; <u>but see</u> <u>Burch v. Barnhart</u>, 400 F.3d 676, 682 (9th Cir.

12  2005)(declining to require an interactive analysis when the record did

13  not indicate obesity exacerbated plaintiff's other impairments and,

14  "[m]ore significantly, [plaintiff] was represented by counsel").  Such

15  an analysis would entail, in part, an assessment of the effect of

16  obesity upon a plaintiff's ability to perform necessary physical

17  activity within the work environment and the ability to sustain

18  function on a regular and continuing basis.  SSR 02-1p, 2000 WL 628049

19  at *6.

20      Here, the record establishes that plaintiff's obesity should have

21  been included in a multiple impairments analysis, even though

22  plaintiff did not explicitly raise the condition as a disabling

23  factor.  The issue of plaintiff's obesity was raised implicitly in

24  plaintiff's report of symptoms, particularly her lower back pain and

25  her steady weight gain following her stroke.  Moreover, it was a

26  condition that could have exacerbated plaintiff's reported illnesses,

27  which includes rheumatoid arthritis, hypertension, a history of heart

28  disease, and low back pain.  <u>See</u> <u>Celaya</u>, 332 F.3d at 1182 (requiring

1    an interactive analysis "[g]iven the potential effect of obesity" on

2    plaintiff's diabetes and hypertension); cf. Burch, 400 F.3d at 682

3    (not requiring analysis when there was little evidence plaintiff's

4    obesity exacerbated her status post mastectomy or other conditions).

5    Most importantly, plaintiff was unrepresented at the hearing,

6    increasing the ALJ's duty to develop the record with respect to

7    plaintiff's obesity to assure that her interests were represented.

8    See Celaya, 332 F.3d at 1183 (reversing when unrepresented plaintiff

9    "very likely never knew that she could assert obesity as a partial

10   basis for disability"); Burch, 400 F.3d at 682 (distinguishing Celaya

11   when, "significantly," plaintiff was represented by counsel); see also

12   Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992)(discussing the

13   heightened duty of an ALJ toward a pro se plaintiff).  Under these

14   circumstances, a multiple impairments analysis that explicitly

15   accounts for the direct and marginal effects of plaintiff's obesity is

16   required.

17          **E.   REMAND FOR FURTHER PROCEEDINGS**

18          The decision whether to remand for further proceedings is within

19   the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172,

20   1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by

21   further proceedings, or where the record has been fully developed, it

22   is appropriate to exercise this discretion to direct an immediate

23   award of benefits.  Harman, 211 F.3d at 1179 (decision whether to

24   remand for further proceedings turns upon their likely utility).

25   However, where there are outstanding issues that must be resolved

26   before a determination can be made, and it is not clear from the

27   record that the ALJ would be required to find the claimant disabled if

28   all the evidence were properly evaluated, remand is appropriate.  Id.

8

1    Here, as set out above in Issue Two, outstanding issues remain before

2    a finding of disability can be made.  Accordingly, remand is

3    appropriate.

                              **VI.  ORDERS**

5         Accordingly, **IT IS ORDERED** that:

6         1.    The decision of the Commissioner is **REVERSED**.

7         2.    This action is **REMANDED** to defendant, pursuant to Sentence

8    Four of 42 U.S.C. § 405(g), for further proceedings as discussed

9    above.

10        3.    The Clerk of the Court shall serve this Decision and Order

11   and the Judgment herein on all parties or counsel.

12

13   DATED: August 28, 2007

14                              _____/S/_____
                                     CARLA M. WOEHRLE
15                              United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     9